# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**MARION JUNE DURHAM**                                     **PLAINTIFF**

**V.**                                                           **NO. 1:17CV00018-JMV**

**NANCY BERRYHILL,**
**ACTING COMMISSIONER**
**OF SOCIAL SECURITY**                                      **DEFENDANT**

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying claims for a period of disability and disability insurance benefits and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held today, the court finds the ALJ's residual functional capacity ("RFC") determination and, consequently, the finding of not disabled are not supported by substantial evidence in the record.

Specifically, the ALJ failed to give a good reason for rejecting Dr. Thomas Panico's 2015 medical source opinion that the claimant had a "limited ability" to handle or grasp above her head with the left upper extremity. Indeed, each medical opinion the ALJ considered included some limitation on the claimant's ability to handle with her left upper extremity. Ultimately, because the issue of whether there are any jobs in the national economy the

claimant could perform appears to hinge upon the degree of any handling limitation the claimant experienced with regard to her left upper extremity, the ALJ must re-evaluate the case in this very limited respect.

On remand, the ALJ must re-contact Dr. Panico for the purpose of having him clarify, in the form of a supplemental medical source statement, the degree (in terms of frequency and direction) of the claimant's handling limitation with respect to her left upper extremity. If the ALJ is unable, for good cause, to obtain such supplemental medical source statement from Dr. Panico–within a reasonable time frame–the ALJ must enlist the assistance of a medical advisor who must review the entirety of the medical evidence of record and render an assessment *only* with respect to the degree (in terms of frequency and direction) of the handling limitation the claimant experienced with respect to her left upper extremity during the relevant period. The ALJ must, then, add the appropriate handling restriction to the RFC as it currently stands in the record. Next, the ALJ must obtain supplemental vocational expert evidence on the issue of whether any jobs exist in the national economy that the claimant can perform, considering the new RFC submitted by the ALJ. The ALJ may conduct any additional proceedings not inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED AND REMANDED for further proceedings as set out above.**

This, the 5th day of December, 2017.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE